# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>           Plaintiff,<br><br>    v.<br><br>JAMES A YATES, et al.,<br><br>           Defendants. | CASE NO. 1:10-cv-02304-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 11) |

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 10, 2010, Plaintiff filed a complaint alleging Defendants used a black box to restrain him during transport to a medical appointment while he was housed at Pleasant Valley State Prison. (ECF No. 1.) On March 23, 2011, Plaintiff filed a motion for a preliminary injunction seeking access to the law library at Avenal State Prison. (ECF No. 11)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

1    For each form of relief sought in federal court, Plaintiff must establish standing. <u>Mayfield</u> <u>v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers v. Earth Island Institute</u>, 129 S. Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The events at issue in this action occurred while Plaintiff was housed at Pleasant Valley State Prison in Coalinga, California. (Doc. 1.) Plaintiff is no longer housed at Pleasant Valley State Prison, and the order sought is aimed at directing officials at Avenal State Prison to provide him access to the law library. The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at Pleasant Valley State Prison giving rise to this suit. <u>Lyons</u>, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); <u>also</u> <u>Summers v. Earth Island Inst.</u>, 129 S. Ct. 1142, 1148-49 (2009); <u>Steel Co. v.</u> <u>Citizens for a Better Env't</u>, 523 U.S. 83, 102-04, 118 S. Ct. 1003 (1998). Additionally, ordering Plaintiff access to the law library is not relief narrowly drawn to correct the violation alleged in this action. 18 U.S.C. § 3626(a)(1)(A). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief.

///
///
///

2

1  Accordingly, it is HEREBY ORDERED that Plaintiff's motion for a preliminary injunction
2 allowing him access to the law library is DENIED.
3 IT IS SO ORDERED.

4 **Dated:   May 16, 2011**          <u>    /s/ Sandra M. Snyder    </u>
                                                    UNITED STATES MAGISTRATE JUDGE