# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE, | CASE NO. 1:10-cv-02304-SMS PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| JAMES A YATES, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on December 10, 2010. (ECF No. 1.) On May 26, 2011, Plaintiff filed a motion for leave to amend the complaint because he has now received the director's level appeal response. (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Avenal State Prison. Plaintiff alleges that, while housed at Pleasant Valley State Prison, he was transported to a medical appointment and his hands were restrained by the use of a black box. The box was placed on his wrists in an awkward position causing his hand to swell and become numb for two to four hours. Plaintiff states that he sent his administrative appeal to the third level on October 19, 2010, and it is due back on January 19, 2011. (Compl. 2, ECF No. 1.) Plaintiff filed a motion for leave to amend his complaint, stating that when he filed his complaint he had not exhausted his administrative remedies. (Motion for Leave to Amend 1, ECF No. 15.) Since he filed his complaint, he has fully exhausted administrative remedies. (Id. at 2.)

## III. Discussion

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required

1  regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper
2  exhaustion is required so "a prisoner must complete the administrative review process in accordance
3  with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."
4  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,
5  2384 (2006)).

6        The Court takes judicial notice of the fact that the California Department of Corrections and
7  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.
8  15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).
9  Four levels of appeal are involved, including the informal level, first formal level, second formal
10 level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must
11 be submitted within fifteen working days of the event being appealed, and the process is initiated by
12 submission of the appeal to the informal level, or in some circumstances, the first formal level. Id.
13 at §§ 3084.5, 3084.6(c).

14       In order to satisfy section 1997e(a), California state prisoners are required to use the available
15 process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006).
16 "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."
17 Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).
18 "All 'available' remedies must now be exhausted; those remedies need not meet federal standards,
19 nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S.
20 at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court
21 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
22 dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira,
23 427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that he has not yet
24 exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. §
25 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
26 nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343
27 (9th Cir. 2009) (unpublished).

28 **IV.**   **Conclusion and Order**

1     Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not
2 be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of
3 service of this order.  Failure to follow this order will result in the action being dismissed, without
4 prejudice, for failure to comply with the order of the Court.

7 IT IS SO ORDERED.

8 **Dated:   June 1, 2011**         /s/ Sandra M. Snyder
                  UNITED STATES MAGISTRATE JUDGE