# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES A YATES, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-02304-SMS PC<br><br>ORDER VACATING ORDER TO SHOW CAUSE<br><br>(ECF No. 16)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 15) |

      Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on December 10, 2010. (ECF No. 1.) On May 26, 2011, Plaintiff filed a motion for leave to amend the complaint because he has now received the director's level appeal response. (ECF No. 15.) On June 1, 2011, an order issued requiring Plaintiff to show cause why this action should not be dismissed for his failure to exhaust administrative remedies. (ECF No. 16.) On June 21, 2011, Plaintiff filed a response to the order to show cause. (ECF No. 18.)

      In his response to the order to show cause, Plaintiff states that there was a delay in receiving the response to his first level appeal. The appeal was completed on May 3, 2010, and Plaintiff alleges that, due to being transferred to another institution, he did not receive the response until July 19, 2010. Since Plaintiff is alleging the delay should excuse his exhaustion requirement, the Court declines to decide the issue at this juncture in action. Therefore, the order to show cause is vacated.

      Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

1  pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,
2  a party may amend only by leave of the court or by written consent of the adverse party, and leave
3  shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, a responsive
4  pleading has not been served and Plaintiff has not previously amended his complaint.  Therefore,
5  Plaintiff may file an amended complaint without leave of the Court.

6  　　　　In addition, Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P.
7  8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's
8  constitutional or other federal rights, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009).  "The
9  inquiry into causation must be individualized and focus on the duties and responsibilities of each
10 individual defendant whose acts or omissions are alleged to have caused a constitutional
11 deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the
12 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."
13 Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citations omitted).  Finally, an amended
14 complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.
15 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without
16 reference to the prior or superceded pleading," Local Rule 220.

17 　　　　Accordingly, it is HEREBY ORDERED that:

18 　　　　1.　　The order to show cause, issued June 1, 2011, is VACATED; and

19 　　　　2.　　Plaintiff's motion for leave to file an amended complaint, filed May 26, 2011, is
20 　　　　　　　DENIED.

21 　　　　IT IS SO ORDERED.

22 **Dated:   June 24, 2011**　　　　　　　　　　　　　 **/s/ Sandra M. Snyder**
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

2