# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>            Plaintiff,<br><br>   v.<br><br>JAMES A YATES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-02304-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMOVAL OF EXHIBITS (ECF No. 23)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SPEEDY TRIAL AND MOTIONS FOR ORDER TO SERVE COMPLAINT (ECF Nos. 27, 29, 33)<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION FOR CLARIFICATION (ECF No. 32) |

### I. Procedural History

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint in this action on December 10, 2010. On March 23, 2011, Plaintiff filed a motion for a court order giving him access to the law library and a motion to compel. An order denying Plaintiff's motion to compel as premature was issued on May 16, 2011. An order denying Plaintiff's motion for a preliminary injunction was issued on May 17, 2011.

On May 26, 2011, Plaintiff filed a motion to amend the complaint due to having exhausted administrative remedies. An order to show cause why this action should not be dismissed for failure to exhaust administrative remedies issued on June 1, 2011. Plaintiff filed a motion for appointment of counsel and response to the order to show cause on June 21, 2011. The motion for appointment of counsel was denied on June 23, 2011. Due to Plaintiff alleging a delay in prison officials responding to his first level appeal, the order to show cause was vacated and his motion to amend

1 was denied as unnecessary on June 24, 2011.

2     On June 21, 2011, Plaintiff filed a second motion to amend the complaint, which was denied
3 as unnecessary on July 5, 2011.  On July 11, 2011, Plaintiff filed a first amended complaint and a
4 motion for removal of exhibits from the complaint.  On August 4, 2011, Plaintiff filed a civil cover
5 sheet.  On August 24, 2011, Plaintiff filed a motion for speedy trial.  On October 17, 2011, Plaintiff
6 filed a motion for an order to serve the complaint and summons.  On November 11, 2011 Plaintiff
7 filed a motion to amend the first amended complaint.[1]  On November 30, 2011, Plaintiff filed a
8 motion for clarification and a second motion for an order to serve the complaint and summons.  On
9 December 9, 2011, Plaintiff filed a petition for a writ of mandamus, which will be forwarded to the
10 Ninth Circuit.

11 **II.**     **Motion for Removal of Exhibits From Complaint**

12     Plaintiff requests that the exhibits attached to his complaint be removed and attached to his
13 first amended complaint.  Any exhibits attached to the complaint must be incorporated by reference.
14 Fed. R. Civ. Pro. 10(c).  Thus, any exhibits attached to the amended complaint must be specifically
15 referenced.  For example, Plaintiff must state "see Exhibit A" or something similar in order to direct
16 the Court to the specific exhibit Plaintiff is referencing.  Further, if the exhibit consists of more than
17 one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").
18 Plaintiff's amended complaint fails to reference any exhibits and the Court will not wade through
19 exhibits to determine whether cognizable claims are, or might be able to be stated.

20     For screening purposes, the Court must assume that Plaintiff's factual allegations are true.
21 Therefore, it is generally unnecessary for Plaintiff to submit exhibits in support of the allegations in
22 a complaint.  Plaintiff's motion for an order to remove exhibits and attache them to his first amended
23 complaint, filed July 11, 2011, is denied.

24 **III.**    **Motion for Speedy Trial and Motion for Service of Complaint and Summons**

25     Plaintiff's motions, filed August 24, 2011; October 17, 2011; and November 30, 2011, seek
26 to have the summons and complaint served upon defendants.

27

28     [1] Plaintiff's motion to amend the complaint will be addressed at a later date.

Initially, Plaintiff is advised that the Speedy Trial Act does not apply to civil actions. 18 U.S.C. §3161. To the extent that Plaintiff is requesting the court screen his complaint, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts. Plaintiff's complaint will be screened in due course.

The Court will direct the United States Marshal to serve the complaint only after it has determined that the complaint contains cognizable claims for relief against the named defendants. Until the Court has screened Plaintiff's complaint and found cognizable claims, any request for service by the Marshal is premature and will be denied. Since Plaintiff's complaint is pending screening the motions to serve the complaint and summons are denied.

Plaintiff's August 24, 2011 motion seeks a speedy trial. The Speedy Trial Act does not apply to civil actions. 18 U.S.C. §3161.

**IV.   Motion for Clarification**

Plaintiff is advised that after his complaint is screened, if any claims are found to be cognizable, he will receive service documents to complete and return to the Court. Once those documents are returned an order directing service by the United States Marshall will issue. The United States Marshall will then be given 120 days within which to serve the complaint.

**V.   Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's motion for removal of exhibits, filed July 11, 2011, is DENIED;

2.   Plaintiff's motion for a speedy trial, filed August 24, 2011, is DENIED; and

///
///
///
///

3

3.  Plaintiff's motion for order to serve summons and complaint, filed October 17, 2011 and November 30, 2011, are DENIED, as premature.

IT IS SO ORDERED.

Dated:   **December 21, 2011**          /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE