# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE, | CASE NO. 1:10-cv-02304-BAM PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A YATES, et al., | (ECF No. 25) |
| Defendants. | ORDER DENYING MOTION TO AMEND AS MOOT |
| | (ECF No. 30) |
| / | THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is the first amended complaint, filed July 11, 2011. (ECF No. 25.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

## II.     Complaint Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Avenal State Prison. This action is brought against Defendants Yates, Herrera, and Does One and Two, in their individual and official capacities, alleging violations of the Eighth Amendment, due process under the Fourteenth Amendment, and negligence under state law. Plaintiff is seeking compensatory and punitive damages and injunctive relief.

On March 19, 2009, while housed at Pleasant Valley State Prison ("PVSP"), Plaintiff was transported to an outside medical provider. Prior to transport Plaintiff was placed in leg and waist restraints and a black box which attaches over the hand cuff restraints and locks the hands in place. Plaintiff alleges that the black box is not standard CDCR procedure, but Defendant Yates has ordered the black box used on facility "D" Sensitive Needs Yard inmates.

Plaintiff states that the black box caused pain and numbness to his hands and he informed officials, but was told he had to wear the device to be transported and was required to wear the restraining device for approximately four to five hours. As a result of being required to wear the black box, Plaintiff's wrist swelled and became numb. Plaintiff claims he had no range of motion and experienced extreme pain in the cartilage. Plaintiff was seen by medical personnel who referred him to an outside hospital for evaluation of his injury. Plaintiff refused to allow the transporting officers to apply the black box so he was not transported for an evaluation of his injuries.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

///

## III. Discussion

### A. Liability

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Plaintiff has failed to set forth factual allegations to show that any defendant personally participated in the violation of his rights.

### B. Supervisory Liability

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff's claim that defendants are liable based upon their role in supervising employees fails to state a claim.

### C. Official Capacity

A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3106 (1985)). The

official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy," Waggy, 594 F.3d at 713, and the policy was "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation," Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted). While Plaintiff alleges that Defendant Yates implemented the policy requiring the black box be used to transport inmates, the complaint fails to allege facts to show that the policy itself is a repudiation of Plaintiff's constitutional rights." Hansen, 885 F.2d at 646.

### D. **Eight Amendment**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

The factual allegations set forth in the complaint fails to show that any defendant was aware

of a substantial risk of serious harm and failed to act in response. While Plaintiff states that he informed officials that the black box caused pain and numbness, this is insufficient to allege that any named defendant was aware of that Plaintiff was in pain or that any action was needed to prevent harm. The mere fact that an officer was involved in the transportation of Plaintiff, without more, is not sufficient to state a claim for deliberate indifference. Plaintiff has failed to state a cognizable claim for a violation of the Eighth Amendment.

### E. Due Process

Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### F. State Law Claims

Plaintiff also alleges a claim for negligence under California law. The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort

---

[1] 2The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

5

Claims Act.  Cal. Gov't Code § 950.6; <u>Bodde</u>, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."  <u>Bodde</u>, 90 P.3d at 120.

If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.  In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.

### 1. **Negligence**

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care."  <u>Brown v. Ransweiler</u>, 171 Cal.App.4th 516, 534 (Ct. App. 2009).

### G. **Injunctive Relief**

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).  Since Plaintiff is no longer incarcerated at PVSP, the injunctive relief he is seeking is moot.  Accordingly, Plaintiff's claim for injunctive relief is not cognizable and this action shall proceed as one for damages only.

### H. **Amended Complaint**

Plaintiff will be given leave to file a second amended complaint to cure the deficiencies described in this order.  Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's second amended complaint being stricken from the record.

In his second amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff **shall not give any legal arguments**

**or cite to any cases or statutes**. (See Form Complaint, § IV, enclosed with this order.) Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act by each Defendant that led to a knowing violation of Plaintiff's federal rights.

### IV. Motion to Amend

On November 3, 2011, Plaintiff filed a motion to amend the complaint to allege official capacity claims against the defendants. Since Plaintiff's amended complaint is being dismissed, with leave to amend, the motion, filed November 3, 2011, is denied as moot.

### V. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed July 11, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Plaintiff's motion to amend, filed November 3, 2011, is denied as moot;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   February 14, 2012            /s/ **Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE