1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CARL R. LOVE,                              CASE NO. 1:10-cv-02304-BAM PC

10            Plaintiff,                      ORDER DISMISSING AMENDED
                                             COMPLAINT, WITH LEAVE TO AMEND, FOR
11    v.                                      FAILURE TO STATE A CLAIM

12  JAMES A YATES, et al.,                    (ECF No. 25)

13            Defendants.                     ORDER DENYING MOTION TO AMEND AS
                                             MOOT
14
                                             (ECF No. 30)
15
                                      /      THIRTY-DAY DEADLINE
16

17  **I.    Screening Requirement**

18        Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

19  in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the first

20  amended complaint, filed July 11, 2011.  (ECF No. 25.)

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

25  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

26        In determining whether a complaint states a claim, the Court looks to the pleading standard

27  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

28  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
2  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
3  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
4  544, 555, 127 S. Ct. 1955 (2007)).

5  **II.   Complaint Allegations**

6       Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
7  ("CDCR") and is incarcerated at Avenal State Prison.  This action is brought against Defendants
8  Yates, Herrera, and Does One and Two, in their individual and official capacities, alleging violations
9  of the Eighth Amendment, due process under the Fourteenth Amendment, and negligence under state
10  law.  Plaintiff is seeking compensatory and punitive damages and injunctive relief.

11       On March 19, 2009, while housed at Pleasant Valley State Prison ("PVSP"), Plaintiff was
12  transported to an outside medical provider.  Prior to transport Plaintiff was placed in leg and waist
13  restraints and a black box which attaches over the hand cuff restraints and locks the hands in place.
14  Plaintiff alleges that the black box is not standard CDCR procedure, but Defendant Yates has
15  ordered the black box used on facility "D" Sensitive Needs Yard inmates.

16       Plaintiff states that the black box caused pain and numbness to his hands and he informed
17  officials, but was told he had to wear the device to be transported and was required to wear the
18  restraining device for approximately four to five hours.  As a result of being required to wear the
19  black box, Plaintiff's wrist swelled and became numb.  Plaintiff claims he had no range of motion
20  and experienced extreme pain in the cartilage.  Plaintiff was seen by medical personnel who referred
21  him to an outside hospital for evaluation of his injury.  Plaintiff refused to allow the transporting
22  officers to apply the black box so he was not transported for an evaluation of his injuries.

23       For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.
24  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies
25  described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff
26  with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the
27  standards and amend only those claims that he believes, in good faith, are cognizable.

28  ///

1    **III.    Discussion**

2        **A.    Liability**

3        Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4    in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5    the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6    at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7    pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8    between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9    Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10   contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11   S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). Plaintiff has failed

13   to set forth factual allegations to show that any defendant personally participated in the violation of

14   his rights.

15       **B.    Supervisory Liability**

16       Government officials may not be held liable for the actions of their subordinates under a

17   theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held

18   liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

19   official has violated the Constitution through his own individual actions. Id. at 1948. In other

20   words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with

21   some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

22   Plaintiff's claim that defendants are liable based upon their role in supervising employees fails to

23   state a claim.

24       **C.    Official Capacity**

25       A suit brought against prison officials in their official capacity is generally equivalent to a

26   suit against the prison itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore,

27   prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal

28   law." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3106 (1985)). The

1  official may be liable where the act or failure to respond reflects a conscious or deliberate choice to

2  follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d

3  898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205

4  (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane

5  County Washington, 594 F.3d 707, 713 (9th Cir. 2010).  To prove liability for an action policy the

6  plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom

7  established by a . . . policymaker possessed with final authority to establish that policy," Waggy, 594

8  F.3d at 713, and the policy was "so deficient that the policy 'itself is a repudiation of constitutional

9  rights' and is 'the moving force of the constitutional violation," Hansen v. Black, 885 F.2d 642, 646

10  (9th Cir. 1989) (internal citations omitted).  While Plaintiff alleges that Defendant Yates

11  implemented the policy requiring the black box be used to transport inmates, the complaint fails to

12  allege facts to show that the policy itself is a repudiation of Plaintiff's constitutional rights." Hansen,

13  885 F.2d at 646.

14       **D.**     **Eight Amendment**

15       Liability under section 1983 exists where a defendant "acting under the color of law"  has

16  deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

17  v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  To prove a violation of the Eighth Amendment

18  the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and

19  make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's

20  health or safety."  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

21  Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of

22  serious harm" to an inmates health or safety and that there was no "reasonable justification for the

23  deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

24  Officials may be aware of the risk because it is obvious.  Thomas, 611 F.3d at 1152.  The

25  circumstances, nature, and duration of the deprivations are critical in determining whether the

26  conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim."

27  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

28       The factual allegations set forth in the complaint fails to show that any defendant was aware

4

of a substantial risk of serious harm and failed to act in response. While Plaintiff states that he informed officials that the black box caused pain and numbness, this is insufficient to allege that any named defendant was aware of that Plaintiff was in pain or that any action was needed to prevent harm. The mere fact that an officer was involved in the transportation of Plaintiff, without more, is not sufficient to state a claim for deliberate indifference. Plaintiff has failed to state a cognizable claim for a violation of the Eighth Amendment.

## E.   Due Process

Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

## F.   State Law Claims

Plaintiff also alleges a claim for negligence under California law. The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

Claims Act.   Cal. Gov't Code § 950.6;  Bodde, 90 P.3d at 123.   "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."  Bodde, 90 P.3d at 120.

If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.  In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to the California state law claims.

### 1.   Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission."  Cal. Gov't Code § 844.6(d) (West 2009).  Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care."  Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct. App. 2009).

### G.   Injunctive Relief

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Since Plaintiff is no longer incarcerated at PVSP, the injunctive relief he is seeking is moot.  Accordingly, Plaintiff's claim for injunctive relief is not cognizable and this action shall proceed as one for damages only.

### H.   Amended Complaint

Plaintiff will be given leave to file a second amended complaint to cure the deficiencies described in this order.  Plaintiff is advised that the failure to comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders will result in Plaintiff's second amended complaint being stricken from the record.

In his second amended complaint, Plaintiff shall state as briefly as possible the facts of his case, describing how each defendant is involved, and Plaintiff **shall not give any legal arguments**

1  **or cite to any cases or statutes**.  (See Form Complaint, § IV, enclosed with this order.)  Further, for

2  each claim, Plaintiff shall clearly and succinctly set forth the facts to state the acts or failure to act

3  by each Defendant that led to a knowing violation of Plaintiff's federal rights.

4  **IV.    Motion to Amend**

5         On November 3, 2011, Plaintiff filed a motion to amend the complaint to allege official

6  capacity claims against the defendants.  Since Plaintiff's amended complaint is being dismissed, with

7  leave to amend, the motion, filed November 3, 2011, is denied as moot.

8  **V.    Conclusion and Order**

9         For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

10  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

11  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

12  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

13  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

14         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

15  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

16  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

17  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

18  caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

19  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

20  speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

21         Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

22  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

23  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

24  causes of action alleged in an original complaint which are not alleged in an amended complaint are

25  waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

26  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

27         Based on the foregoing, it is HEREBY ORDERED that:

28         1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

7

2.      Plaintiff's complaint, filed July 11, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Plaintiff's motion to amend, filed November 3, 2011, is denied as moot;

4.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **February 14, 2012**                    **/s/ Barbara A. McAuliffe**
                                                UNITED STATES MAGISTRATE JUDGE

8