# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>                Plaintiff,<br><br>   v.<br><br>JAMES A YATES, et al.,<br><br>                Defendants.      / | CASE NO. 1:10-cv-02304-BAM PC<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 37)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 10, 2010. On December 20, 2010, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 6.) On February 14, 2012, an order issued dismissing the first amended complaint, with leave to amend, for failure to state a claim. (ECF No. 36.) Currently before the Court is the second amended complaint, filed February 24, 2012. (ECF No. 37.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     **Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at Avenal State Prison. Plaintiff brings this action against Defendants James Yates, Herrera, and John Does One and Two alleging that, while he was housed at Pleasant Valley State Prison, a restraining device was used during a medical transport in violation of the Eighth Amendment. Plaintiff claims that on March 19, 2009, Defendant Yates implemented a policy and Defendant Herrera imposed the policy that required the use of a "black box" on sensitive needs inmates.

On March 19, 2009, Defendant Doe One applied the "black box" over Plaintiff's handcuffs in an extremely tight manner causing nerve damage to Plaintiff's wrist and hand. Defendant Doe Two was the driver during the transport and heard and ignored Plaintiff's complaints of pain. Plaintiff is seeking compensatory and punitive damages and injunctive relief to correct the nerve damage to his hand and wrist.

Liberally construed, Plaintiff's allegations state a claim against Defendant Doe Two, but fail to state a claim against any other named defendant.

**III.     Discussion**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment, the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

"Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff's allegations that Defendant Yates implemented the policy, and Defendant Herrera imposed the "black box" policy, fail to set forth any facts to show that either Defendants Yates or Herrera were aware of a substantial risk of serious harm due to the use of the black box. The complaint is devoid of any facts to show that Defendants Yates or Herrera were aware of a substantial risk of serious harm to Plaintiff based upon the use of the "black box" hand restraints and failed to adequately respond.[1] Simmons, 609 F.3d at 1018.

Similarly, Plaintiff states that Defendant Doe One placed the "black box" restraint tightly on

---

[1] Since Plaintiff has failed to state a claim for deliberate indifference against Defendants Yates and Herrrera, his official capacity claims also fail.

Plaintiff's wrist, but there are no facts alleged that Defendant Doe One was aware that the restraints were too tight or that Plaintiff informed Defendant Doe One that he was in pain. Plaintiff has failed to plead facts sufficient to state a cognizable claim against Defendants Yates, Herrera, and Doe One.

Plaintiff's complaint is sufficient to state a claim against Defendant Doe Two for failing to respond to Plaintiff's complaints of pain from the "black box" restraint which allegedly resulted in nerve damage to Plaintiff's hand and wrist.

**IV.   Conclusion and Order**

Plaintiff's second amended complaint states a cognizable claim against Defendant Doe Two for deliberate indifference to conditions of confinement in violation of the Eighth Amendment, however, Plaintiff allegations fail to state any additional claims under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's second amended complaint, filed February 24, 2012, against Defendant Doe Two for deliberate indifference in violation of the Eighth Amendment;[2] and

2. Defendants Yates, Herrera, and Doe One are dismissed form this action, with prejudice, for Plaintiff's failure to state a claim against them;

3. Within thirty days from the date of service of this order, Plaintiff shall provide sufficient information for the United States Marshall to identify the defendant; and

4. Failure to comply with this order will result in this action being dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **March 6, 2012**            /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE

---

[2] Before the U. S. Marshal can serve a Doe Defendant, Plaintiff will have to identify him or her with enough information to locate the defendant for service of process. If Plaintiff is unable to provide a full name, he must provide alternate information – such as a partial name, title, gender, physical description, work assignment, work schedule, etc. – sufficient for the Marshal or the CDCR to identify the defendant for service.