# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>           Plaintiff,<br><br>    v.<br><br>JAMES A YATES, et al.,<br><br>           Defendants. | CASE NO. 1:10-cv-02304-BAM PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(ECF No. 39) |

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on December 10, 2010. On June 24, 2011, Plaintiff's motion to amend his complaint was denied as unnecessary. Plaintiff was informed that his amended complaint must state what each named defendant did that led to the deprivation of his constitutional or other federal rights, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citations omitted). (ECF No. 20.) On July 5, 2011, Plaintiff's second motion to amend was denied as unnecessary and he was again provided the screening standard. (ECF No. 22.) On February 14, 2012, Plaintiff's first amended complaint, filed July 11, 2011, was dismissed with leave to amend for failure to state a claim. (ECF No. 36.) Plaintiff filed a second amended complaint on February 24, 2012. (ECF No.

1

1  37.) On March 6, 2012, the second amended complaint was screened and an order issued dismissing
2  certain claims and defendants for failure to state a claim. (ECF No. 38.) On March 21, 2012,
3  Plaintiff filed a motion for reconsideration. (ECF No. 39.)

4  "A motion for reconsideration should not be granted, absent highly unusual circumstances,
5  unless the district court is presented with newly discovered evidence, committed clear error, or if
6  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or
7  present evidence for the first time when they could reasonably have been raised earlier in the
8  litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.
9  2009) (internal quotations marks and citations omitted) (emphasis in original).

10  Plaintiff moves for reconsideration of the dismissal of defendants, with prejudice, setting
11  forth additional facts that were not included in his second amended complaint. The facts alleged in
12  the motion for reconsideration were within Plaintiff's knowledge at the time that he filed his second
13  amended complaint and could have been raised in the second amended complaint. Marlyn
14  Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's motion for reconsideration is devoid of any ground
15  entitling Plaintiff to reconsideration of the Court's order and is HEREBY DENIED.

16  IT IS SO ORDERED.

17  Dated:   **March 22, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE

2