# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A YATES, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:10-cv-02304-BAM PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER |

Plaintiff Carl R. Love ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint, filed February 24, 2012, against Defendant Doe for deliberate indifference in violation of the Eighth Amendment. On March 6, 2012, an order issued dismissing certain claims and defendants, and directing Plaintiff to provide sufficient information within thirty days to identify the defendant so the United States Marshal could effect service of the complaint. (ECF No. 38.) Plaintiff was warned that failure to comply with the order would result in this action being dismissed for failure to prosecute. Plaintiff filed a motion for reconsideration of the dismissal of the claims and defendants, which was denied on March 22, 2012. (ECF No. 40.) Plaintiff filed a notice of appeal on March 28, 2012. (ECF No. 41.) Plaintiff filed a motion for a stay pending resolution of his appeal. (ECF No. 45.) On March 30, 2012, Plaintiff's motion for a stay was denied. (ECF No. 46.) On May 9, 2012, Plaintiff's appeal was dismissed for lack of jurisdiction. (ECF No. 47.) More than thirty days have passed and Plaintiff has failed to respond to the order requiring him to provide information to identify the defendant to be served.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal [of a case]." In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir 2006) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(per curiam)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider "several factors: (1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanction." Omstead v. Dell Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine, 460 F.3d at 1222; Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The "public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 649. Accordingly, in the instant case, the Court finds that the public's interest in expeditiously resolving this litigation weighs in favor of dismissal. This case has consumed time that the Court could devoted to other cases that are on the docket. Pagtalunan, 291 F.3d at 642. The Court's interest in managing the docket weighs in favor of dismissal.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a

1  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

2  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

3  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

4  discussed herein.  Finally, the Court's warning to a party that his failure to obey the Court's order

5  will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik</u>, 963 F.2d

6  at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order expressly advised

7  Plaintiff that failure to provide sufficient information for the United States Marshal to identify the

8  defendant would result in the action being dismissed.  Thus, Plaintiff had adequate warning that

9  dismissal would result from her noncompliance with the Court's order.

10      Accordingly, IT IS HEREBY ORDERED that this action is dismissed, with prejudice, based

11  on Plaintiff's failure to obey the Court's order of March 6, 2012.

12      IT IS SO ORDERED.

13  **Dated:**   **May 10, 2012**         /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE

3